In the Matter of ALBERT SIMON, INC., et al., Appellants, *v.* BESS MYERSON, as Commissioner of Consumer Affairs of the City of New York, Respondent.

First Department, April 16, 1974.

*Isadore B. Hurwitz* and *Peter Campbell Brown* for appellants.

*Nina G. Goldstein* of counsel (*L. Kevin Sheridan* with her on the brief; *Adrian P. Burke, Corporation Counsel*), for respondent.

STEUER, J. The petitioners, manufacturers of what are called ''common show games '', devices in the nature of pinball machines, submitted samples of four such machines to respondent Commissioner of Consumer Affairs for her approval. Approval was accorded to the machines, manufacture was begun, and machines were sold and installed in various premises about the city. Somewhat over a year later, respondent, upon advice from a police expert that the machines were gambling devices and hence prohibited under section B32–40.0 of the Administrative Code of the City of New York, withdrew the approval theretofore granted.

This proceeding under article 78 followed. It is based on several grounds. We agree with respondent that many of these are untenable. Initially, there can be no estoppel against a public body or officer in this situation. A public officer is required to so act (*Emerman* v. *City of New York,* 34 A D 2d 901, 902). Hardship resulting from the correction does not change the rule (*New York City Employees' Retirement System* v. *Eliot,* 267 N. Y. 193, 202). Nor do we find that the State has pre-empted the field.

However, we do find that the statute violates the Constitution. The avowed object of the legislation is to prevent the use of gambling devices while allowing machines providing amusement. The statutory test as to what is a gambling device in a coin-

operated machine is whether there is any element of chance in the playing of the game. Initially, it should be remembered that play on these devices is not in the nature of a contest, where the player competes against an opponent. Where a machine is so designed, as where the player receives a reward contingent on his making a certain score, in the form of a prize of any description — even to the extent of getting permission to play the game again without paying — the game may well be described as a contest between the player and the machine owner; and, if dependent on chance as opposed to skill, be deemed a gambling device. Here, concededly no such element is present. Here the player is exactly in the same position vis-à-vis the proprietor of the device whether his score is good, bad or indifferent.

The statutory test distinguishing gambling from amusement, provided that test is not illusory (as it is difficult to conceive of any device in which the outcome would not be affected in some degree by chance) has no relation to the object to be attained, namely, the interdiction of gambling. Here the player can neither gain nor lose as a result of the game. It would therefore appear that there is lacking any "fair, just or reasonable connection" between the statutory test and the promotion of the welfare and safety of society — the necessary element to validate an exercise of the police power (*People* v. *Gillson*, 109 N. Y. 389, 401, quoted with approval in *People* v. *Bunis*, 9 N Y 2d 1, 3 *et seq.*). As the statute lacks reasonable relationship and application to the evil it is designed to avoid, it lacks constitutionality. (*Defiance Milk Prods. Co.* v. *Du Mond*, 309 N. Y. 537, 541.)

The judgment entered January 17, 1974, in New York County (SPIEGEL, J.) should be reversed on the law and the relief demanded in the petition granted, without costs. Settle order on notice.

NUNEZ, J. P., KUPFERMAN and MURPHY, JJ., concur with STEUER, J.; TILZER, J., dissents and would affirm on opinion of SPIEGEL, J., at Special Term.

Judgment, Supreme Court, New York County, entered on January 17, 1974, reversed, on the law, without costs and without disbursements, and vacated, and the relief demanded in the petition granted.

Settle order on notice.